1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MIGUEL ANGEL BACIGALUPO,

   Petitioner,

  v.

KELLY SANTORO, Acting Warden, North Kern State Prison,

   Respondent.

Case No. 94-cv-02761-BLF

**ORDER RE: RESPONDENT'S MOTION TO AMEND JUDGMENT**

## I.  INTRODUCTION

On April 8, 2016, Petitioner filed an Amended Petition for Writ of Habeas Corpus in this Court. (*See* Dkt. No. 228, "Fed. Pet."). On September 25, 2018, the Court granted Petitioner's writ based on the *Brady* errors described in Claims C and D, as well as the cumulative error described in Claim L.

Respondent subsequently filed a motion to alter the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e). *See* Dkt. No. 267 ("Resp. Br."). Petitioner filed a response to the motion, *see* Dkt. No. 270 ("Pet. Br.") and Respondent filed no reply.

For the reasons discussed below, the Court **PARTIALLY GRANTS** Respondent's motion to alter the judgment.

## II.  STANDARD OF REVIEW

A motion for reconsideration under Rule 59(e) " 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.' " *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir.1999) (en banc). A district court has "considerable discretion" in

1    deciding a Rule 59(e) motion.  *Turner v. Burlington N. Santa Fe R.R. Co.,* 338 F.3d 1058, 1063

2    (9th Cir.2003).  Accordingly, reconsideration pursuant to Rule 59(e) is an "extraordinary remedy,

3    to be used sparingly in the interests of finality and conservation of judicial resources." *Kona*

4    *Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

5          Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available

6    prior to the district court's ruling.  *See Ybarra v. McDaniel,* 656 F.3d 984, 998 (9th Cir.2011)

7    (affirming district court's denial of habeas petitioner's motion for reconsideration where

8    petitioner's evidence of exhaustion was not "newly discovered" because petitioner was aware of

9    such evidence almost one year prior to district court's denial of petition).  Moreover, a district

10   court does not commit clear error warranting reconsideration when the question before it is a

11   debatable one.  *See McDowell,* 197 F.3d at 1256 (district court did not abuse its discretion in

12   denying reconsideration where question of whether it could enter protective order in habeas action

13   limiting Attorney General's use of documents from trial counsel's file was debatable).

### III.    ANALYSIS

15         Respondent does not explicitly identify which prong entitles her to relief pursuant to

16   Rule 59(e), but appears to argue the Court's issuance of a conditional writ directing the state to

17   "release Petitioner from custody unless the state commences proceedings to retry him within 120

18   days of the date of entry of judgment," Dkt. No. 266, was clearly erroneous.  Specifically,

19   Respondent asks this Court to allow the state court to impose a second-degree murder conviction

20   in lieu of a retrial.  Resp. Br. at 4.

21         In habeas cases, district courts have broad discretion in conditioning a judgment upon

22   granting relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).  District courts are authorized to

23   dispose of habeas corpus matters " 'as law and justice require,' " including by delaying release of

24   a successful habeas petitioner in order to provide the state an opportunity to correct the

25   constitutional violation, or violations, found by the court.  *Id.*  A district court's chosen remedy

26   must "neutralize the taint" of the constitutional violations and simultaneously not grant a windfall

27   to the petitioner.  *Lafler v. Cooper*, 566 U.S. 156, 170 (2012).  A district court has the power to

28   release a successful petitioner but has no power to revise the state court's judgment.  *Douglas v.*

1    *Jacquez*, 625 F.3d 501, 504 (9th Cir. 2010).

2        In support of her contention, Respondent cites various Ninth Circuit cases in which it

3 approved or ordered a district court's issuance of a conditional writ providing an option for the

4 state to address a constitutional error without necessarily providing a retrial. Respondent first cites

5 *Douglas*, 626 F.3d at 503, a case in which the Ninth Circuit directed a district court to grant a

6 conditional writ allowing the state court to resentence a petitioner in lieu of a retrial. *Douglas*

7 involved a claim of insufficient evidence to convict the petitioner of arson of an inhabited

8 structure. The district court granted the claim, but, after determining that the evidence was

9 sufficient to sustain a conviction for the lesser-degree crime of "arson of structure," issued a

10 judgment directing the state court to amend its judgment to reflect as much. *Id.* On review, the

11 panel agreed with the district court's assessment of the evidence but nevertheless reversed the

12 district court's judgment, holding that the district court did not have jurisdiction to direct the state

13 court to enter a judgment for arson of a structure. However, the panel noted that California's

14 Penal Code § 1181(6) provides that if a defendant is "shown to be not guilty of the degree of the

15 crime of which he was convicted, but guilty of a lesser degree thereof, . . . the court may modify

16 the verdict, finding or judgment accordingly without granting or ordering a new trial," Cal. Pen.

17 Code § 1181(6), and while the district court did not have the power to direct the state to resentence

18 the petitioner to "arson of structure," it had the power to issue a judgment which would allow the

19 state to do so in lieu of releasing the petitioner or retrying him. The Ninth Circuit therefore

20 ordered the district court to enter a conditional writ directing the state court to resentence the

21 petitioner within a reasonable time or release him.

22        Here, the Court has not made any factual findings as to sufficiency of the evidence. The

23 Court held only that Petitioner has met his burden of showing he suffered prejudice from various

24 constitutional violations, including violations of *Brady v. Maryland*, 373 U.S. 83 (1963) and due

25 process, during his trial. *Douglas* is therefore unhelpful in determining the proper remedy for

26 Petitioner's case except to the extent that it identifies that a federal court " 'has the power to

27 release' a prisoner, but . . . 'cannot revise the state court judgment.' " *Douglas*, 626 F.3d at 504.

28 To the extent the Court's judgment purported to "vacate" Petitioner's conviction, the Court agrees

1    that the judgment must be amended.

2        In addition, Respondent cites *Lujan v. Garcia*, 734 F.3d 917, 934-35 (9th Cir. 2013).  In

3    *Lujan*, the district court's judgment directed the state court to enter a judgment for a conviction for

4    second-degree murder after finding the evidence other than the petitioner's statements, which were

5    obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), supported a second-degree

6    murder conviction.  The Ninth Circuit agreed that a state court may be given the chance to remedy

7    a *Miranda* violation by reweighing trial evidence while excluding the petitioner's offending

8    statements, determining whether the remaining evidence supports a lesser degree of the convicted

9    crime, and resentencing the petitioner based on that determination.  *Lujan*, 734 F.3d at 934-35.

10   However, the panel held the district court abused its discretion by ordering the state court to

11   specifically enter a judgment of second-degree murder.  On remand, the panel instructed the

12   district court to modify its judgment and issue a conditional writ, which "may include the option

13   that the state court make an independent determination as to whether the convictions can be

14   modified under state law."  *Id.* at 935.

15       *Lujan* is inapposite.  First, *Lujan* did not involve a *Brady* violation or, as in Petitioner's

16   case, multiple violations of *Brady* and due process.  The prejudice from the error in *Lujan* was

17   therefore easily isolated to Petitioner's un-*Mirandized* statements.  Here, the suppressed evidence

18   impacted Petitioner's ability to challenge evidence that he premeditated and deliberated the

19   killings, the prosecution's theory that the killings were motivated by Petitioner's desire to rob the

20   jewelry store, and the overall credibility of at least two of the prosecution's key witnesses,

21   Sergeant John Kracht of the San Jose Police Department, who testified there was no evidence to

22   support Petitioner's statement that he was threatened by the Colombian Mafia, and Karlos

23   Tigiboy, who was portrayed as an innocent bystander despite the prosecution team's knowledge of

24   his connections to Jose Angarita's drug empire.

25       Respondent also cites *Shelton v. Marshall*, 806 F.3d 1011 (9th Cir. 2015).[1]  In *Shelton*, the

26   Ninth Circuit reversed a district court's denial of a petition for writ of habeas corpus.  The panel

27

28   [1] *Shelton v. Marshall*, 806 F.3d 1011, amends the judgment pronounced in a prior opinion, *Shelton v. Marshall*, 796 F.3d 1075, 1084-89 (9th Cir. 2015).

1  held that the state violated *Brady* when it failed to turn over evidence of a prosecution deal with a

2  witness.  The deal prevented the witness from undergoing a psychological evaluation, therefore

3  foiling the defense's ability to call the witness's competence into question.  The panel found that

4  the *Brady* issue affected only the testimony of one witness and that the witness's testimony was

5  material only as to whether the petitioner deliberated and premeditated as required by his

6  conviction for first-degree murder.  The panel also noted, however, that the evidence other than

7  the offending witness's testimony was "extremely strong," *Shelton*, 796 F.3d at 1089, and upon

8  receipt of the state's unopposed petition for rehearing, directed the district court to issue a

9  conditional writ "ordering the State to retry [petitioner] for the murder . . . within a reasonable

10 time or to take such other action as may be consistent with this opinion and with federal and state

11 law. *Lujan*[, 734 F.3d at 934-35]." *Shelton*, 806 F.3d at 1011.

12         *Shelton*, while certainly sharing some similarity to Petitioner's case, is nevertheless not

13 controlling here.  The *Brady* violation in *Shelton* was confined to one witness's testimony and did

14 not involve, as in Petitioner's case, affirmatively false statements by the prosecution team or the

15 perpetuation of false testimony by several witnesses and a prosecution investigator.  Moreover,

16 *Shelton* did not consider the effect of a finding of cumulative error.  Whereas the panel in *Shelton*

17 was able to simply eliminate the testimony of a single witness in order to analyze the remaining

18 evidence, the constitutional errors in Petitioner's case were substantial and pervasive, ultimately

19 affecting the overall credibility of the prosecution's theory of the case.  *See* Dkt. No. 265 at 43-44

20 ("Without these errors present, *Petitioner's guilt phase trial would have been substantially*

21 *different* from the one which occurred, and the prosecution's claim that the "only rational

22 explanation" for the killings was Petitioner's greed, *see* RT 3499, would have been severely

23 undermined") (emphasis added).

24         Respondent also argues the jury necessarily found that Petitioner harbored the mental state

25 required for second-degree murder when it found the robbery special circumstance as true.  *See*

26 Resp. Br. at 2-4.  However, as noted, the jury's finding suggests that the jury credited the

27 prosecution's theory that "the murder was committed in order to carry out or advance the

28 commission of the crime [of robbery]," Resp. Br. at 2 (quoting 11 RT 3543), and this Court found,

5

1    in its order partially granting relief, that the suppressed evidence would affect the credibility of the

2    prosecution's theory of the case.  Accordingly, even if the Court removed the testimony of every

3    witness whose credibility would be undermined by the evidence adduced during Petitioner's

4    habeas proceedings, the Court cannot discern to what extent Petitioner's inability to fully prepare a

5    defense and the prosecution's ability to ridicule Petitioner and frame the killings as the result of

6    Petitioner's greed affected the jury's finding that Petitioner intended to kill the Guerrero brothers.

7    Given the pervasive nature of the constitutional errors, the Court disagrees with Respondent's

8    contention that anything less than a retrial would be sufficient to "neutralize the taint" from the

9    constitutional violations which plagued Petitioner's proceedings from the pretrial stages through

10    his conviction.

11        In any case, Respondent has failed to show this Court's judgment ordering the state court

12    to "release Petitioner from custody unless the state commences proceedings to retry him within

13    120 days of the date of entry of judgment," *id.*, constituted clear error as required for the issuance

14    of an order altering the Court's judgment pursuant to Rule 59(e).  "In habeas cases, federal courts

15    have broad discretion in conditioning a judgment granting relief. . . . [and] 'are authorized . . . to

16    dispose of habeas corpus matters as law and justice require.' " *See Lujan*, 734 F.3d at 933.  Here,

17    Petitioner was deprived of a fair trial as a result of egregious misconduct by the prosecution team.

18    Resentencing Petitioner on the basis of evidence introduced during his unfair trial proceedings

19    without giving him the opportunity to challenge the evidence and have a jury make untainted

20    factual findings would not serve law or justice.  The Court recognizes, however, that the parties

21    may enter into an agreement obviating the need for a retrial.  Therefore, the Court will amend the

22    judgment to reflect that the state court need not retry Petitioner if the parties choose to pursue

23    other lawful action consistent with this order.

24                               **IV.    CONCLUSION**

25        Respondent's Rule 59(e) motion is **PARTIALLY GRANTED**.

26        The Court's September 25, 2018 order, Docket No. 265, is **AMENDED**.  An amended

27    order bearing the same effective date as Docket No. 265 will be filed concurrently with this order

28    and will reflect the following amendment on page 44:

1

After a careful review of the record and the pertinent law, the Court hereby orders as follows:

2

(1) The petition for writ of habeas corpus is **GRANTED** on the basis of the *Brady* errors described in Claims C and D, as well as the cumulative error described in Claim L.

3

(2) Claims A and B are **DENIED**. To the extent that they allege trial errors, they are also **MOOT**.

4

(3) Respondent shall release Petitioner from custody unless the state commences proceedings to retry him within 120 days of the effective date of entry of judgment on this order or the parties choose other lawful action consistent with this order.

5

6

(4) The effective date of this order is September 25, 2018, the issue date for the Court's original order partially granting the petition for writ of habeas corpus. *See* Dkt. Nos. 265 & 266.

7

8

The judgment issued on September 25, 2018, Docket No. 266, is also **AMENDED**. A

9

corrected judgment bearing the same effective date as Docket No. 266 will be filed concurrently

10

with this order and will reflect the following amendment on page 1:

11

Pursuant to the Court's order, Docket. No. 272, and previous orders in this matter, the petition for a writ of habeas corpus is **GRANTED** on the basis of the *Brady v. Maryland*, 373 U.S. 83 (1963) errors described in Claims C and D, as well as the cumulative error described in Claim L. Claims A and B are **DENIED** and **MOOT**. Respondent shall release Petitioner from custody unless the state commences proceedings to retry him within 120 days of the effective date of entry of this judgment or the parties choose other lawful action consistent with this order. The effective date of this judgment is September 25, 2018, the issue date for the Court's original judgment. *See* Dkt. Nos. 265 & 266.

12

13

14

15

16

17

Respondent's request that the Court modify the judgment to allow the state to resentence

18

Petitioner in lieu of retrying him is **DENIED**. This order does not reset the 120-day deadline set

19

by the order and judgment issued on September 25, 2018.

20

21

**IT IS SO ORDERED.**

22

23

24

Dated: November 30, 2018

25

BETH LABSON FREEMAN
United States District Judge

26

27

28

7